Filed 3/13/23  P. v. Her CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096211 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF01-0000643) |
| v. | |
| VICHUAN HER, | |
| Defendant and Appellant. | |

A jury found defendant Vichuan Her guilty of murder, assault with a semiautomatic firearm, allowing another to discharge a firearm from the car he was driving, and discharging a firearm at an occupied vehicle.  This appeal arises from the second petition defendant filed for resentencing under Penal Code,[1] section 1172.6.[2]  The

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Defendant filed both petitions under former section 1170.95.  The Legislature amended section 1170.95, effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551).  Further, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, without substantive change (Stats. 2022, ch. 58, § 10).  Unless otherwise noted, citations in this opinion are to the current version of the provision as codified in section 1172.6.

trial court denied the first petition on the merits because defendant was not convicted under the felony-murder rule or under the natural and probable consequences doctrine. Defendant did not appeal that ruling. The trial court denied the second petition noting it had already decided the issue. We shall affirm the judgment on the merits.

FACTUAL AND PROCEDURAL BACKGROUND

An information charged defendant with first degree premeditated murder (§ 187, subd. (a)—count I) with an enhancement defendant was armed with a firearm (§ 12022, subd. (a)(1)), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)— counts II & V), permitting another to discharge a firearm from the car he owned or drove (§ 12034, subd. (b)—count III), and discharging a firearm at an occupied car (§ 246— count IV). The information alleged enhancements that all counts were committed for the benefit of a street gang. (§ 186.22.) As to counts I and IV, the information alleged an enhancement that at least one principal intentionally and deliberately discharged a firearm causing great bodily injury. (§ 12022.53, subds. (d) & (e).)

The basic facts of the case come from our prior unpublished opinion. (*People v. Her* (July 29, 2003, C042210) [nonpub. opn.].)[3] On October 13, 2001, Wong Lee was driving in a car with three of his friends. When Lee stopped at an intersection, he looked in his rearview mirror and said, "Look, Vichuan." Defendant was driving the car behind Lee's car. Defendant pulled up alongside Lee's car. When the light turned green, Lee turned right, away from defendant. Defendant cut across a lane of traffic to follow Lee. The front passenger in defendant's car pointed a gun out of the window and fired several shots toward Lee's car. Lee died as a result of a single gunshot wound to his head.

At trial, the trial court gave the jury the following instructions for the crime of murder:

---

[3] On defendant's motion, we also took judicial notice of our record in the appeal of this underlying case.

"[CALJIC 3.00:] Persons who are involved in committing a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation, is equally guilty. Principals include, one, those who directly and actively commit the act constituting the crime or, two, those who aid and abet the commission of the crime.

"[CALJIC 3.01:] A person aids and abets the commission of the crime when he or she, one, with knowledge of the unlawful purpose of the perpetrator and, two, with the intent or purpose of committing or encouraging or facilitating the commission of the crime and, three, by act or advice aids, promotes, encourages or instigates the commission of the crime.

"Mere presence at the scene of a crime does not itself assist the commission of the crime and does not amount to aiding and abetting. Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting."

"[CALJIC 8.10:] Defendant is accused in Count I of having committed the crime of murder, a violation of Penal Code Section 187. Every person who unlawfully kills a human being with malice aforethought is guilty of the crime of murder in violation of Section 187 of the Penal Code. In order to prove this crime, each of the following elements must be proved: One, a human being was killed; two, the killing was unlawful; and, three, the killing was done with malice aforethought.

"[CALJIC 8.11:] Malice may be either express or implied. Malice is express when there is manifested an intention unlawfully to kill a human being. Malice is implied when the killing resulted from an intentional act, the natural consequences of the act are dangerous to human life and the act was deliberately performed with the knowledge of the danger to and with conscious disregard for human life. When it is shown that a killing resulted from the intentional doing of an act with express or implied malice, no other mental state need be shown to establish the mental state of malice aforethought.

"The mental state substituting malice aforethought does not necessarily require any ill will or hatred of the person killed. The word 'aforethought' does not imply deliberation or the lapse of considerable time. It only means that the required mental state must precede rather than follow the act."

"[CALJIC 8.20:] Murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree."

"[CALJIC 8:25.1:] Murder which is perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle when the perpetrator specifically intended to inflict death is murder of the first degree."

Notably, the trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine of liability.

On the prosecution's motion, the trial court dismissed the street gang enhancements and the enhancements at least one principal intentionally and deliberately discharged a firearm causing great bodily injury.

The jury found defendant guilty of first degree murder and found in committing the murder defendant "did deliberate and premeditate." The jury also found defendant "was a principal in discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle with the specific intent to inflict death" and "in the commission of the above-offense a principal was armed with a firearm." The jury found defendant guilty on the remaining counts as well. The trial court sentenced defendant to an aggregate prison term of 36 years eight months to life.

Defendant filed his first petition for resentencing under section 1172.6 in February 2020, alleging he was convicted of murder pursuant to the felony-murder rule, or the natural and probable consequences doctrine, which now could not support conviction due to the change in the law. The trial court appointed counsel for defendant and set a briefing schedule. The prosecution opposed the petition arguing defendant had not been convicted under a theory of felony murder or natural and probable consequences. The

4

trial court denied the petition in November 2021 in a written order. The text of the first paragraph of the ruling recited the jury's findings on the murder conviction as set forth in the verdict forms. The trial court found defendant was ineligible for resentencing because he was "not convicted of felony murder based upon the natural and probable consequences doctrine as alleged . . . . Instead, defendant . . . was convicted in Count 1 of first-degree murder with premeditation and deliberation. The felony murder rule and natural and probable consequences jury instructions were not even given in his trial concerning the murder charge."

Defendant did not appeal this ruling, but rather filed a second petition for resentencing under section 1172.6 in April 2022. He again argued he was convicted under a theory that allowed the prosecution to proceed under the felony-murder rule, the doctrine of natural and probable consequences, or another theory under which malice was imputed to him solely based upon his participation in a crime. The trial court summarily denied the second petition stating the matter had been previously litigated in 2021 and attached its original ruling.

Defendant timely appealed the ruling on the second petition.

DISCUSSION

Defendant contends the trial court relied on inadmissible evidence and engaged in factfinding by using the factual summary from our prior direct appellate opinion to conclude defendant was ineligible for resentencing as a matter of law. We disagree.

Senate Bill No. 1437 (Reg. Sess. 2017-2018), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).)

"Upon receiving a petition in which the information required by . . . subdivision [(b)] is set forth . . . if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner

6

would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

Defendant argues the trial court impermissibly relied upon our prior opinion and engaged in factfinding in making its finding defendant was ineligible for resentencing at the prima facie stage of this case. We disagree.

While the trial court mentioned our prior opinion in its ruling, it also stated it had reviewed the contents of its own file. In its ruling, the trial court quoted specifically from the jury's findings from the underlying trial. This recital demonstrates the trial court was both aware of the record of conviction in its files and properly took into account the facts contained in that record when it made its ruling. On defendant's motion in this appeal, we also incorporated our record in the appeal of the underlying case. That file, which is the trial court record, includes the jury instructions the trial court gave to the jury at trial and the jury's verdict forms.

"In many instances, additional information from the record will establish that a defendant's conviction was not based on the natural and probable consequences doctrine, and that the jury must have convicted the defendant on the basis of his own malice aforethought. For example, if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied." (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Here, defendant failed to make the requisite prima facie showing of entitlement to relief under section 1172.6. The trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine or any other theory of imputed malice. Moreover, the jury expressly found defendant was "a principal discharging a firearm

7

from a motor vehicle intentionally at another person outside the vehicle with the specific intent to inflict death." Therefore, because the trial court did not instruct the jury on felony murder or natural and probable consequences, but rather instructed them they had to find defendant had an intent to kill to be guilty of murder, and the jury found exactly that, defendant is ineligible for resentencing as a matter of law. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, 1059; *People v. Offley*, *supra*, 48 Cal.App.5th at p. 599.)[4]

Nor is this result altered by defendant's argument the trial court's use of our prior appellate opinion ran afoul of the language of section 1172.6, subdivision (d)(3). As noted by the trial court denying defendant's first section 1172.6 petition and affirmed by this court now, defendant's record of conviction affirmatively demonstrates his ineligibility for relief as a matter of law. Accordingly, his petition has not reached the order to show cause hearing stage, and thus, section 1172.6, subdivision (d)(3)'s prescription for the rules of evidence at that proceeding has no application here. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)

---

[4] While this case was pending, defendant filed a motion to deem his current notice of appeal timely and constructively filed as to the denial of his first petition for resentencing. He (1) argues the trial court did not advise him of his appellate rights; (2) cites *In re Benoit* (1973) 10 Cal.3d 72 for the proposition he relied on his attorney's promise to file a timely notice; and (3) cites section 1240.1 that his attorney had a statutory duty to file a notice of appeal where arguably meritorious grounds exist for reversal or modification of the judgment. We deny the motion. The trial court had no obligation to notify defendant of his appellate rights when it denied his postjudgment motion. (Cal. Rules of Court, rule 4.305.) Defendant presented no evidence he relied on his counsel's promise to file a notice of appeal. (*In re Benoit*, at p. 89.) As demonstrated *ante*, his attorney did not have a statutory duty to file an earlier appeal because we conclude defendant's appeal was not based on arguably meritorious grounds because his jury was not instructed with either the felony-murder rule or the natural and probable consequences doctrine. Because we reject defendant's appeal on the merits, we decline to reach the Attorney General's argument the trial court's initial ruling had a collateral estoppel effect.

DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:


/s/
RENNER, Acting P. J.


/s/
EARL, J.